J-S52018-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MICHAEL S. ROTZ, | |
| Appellant | No. 1969 WDA 2014 |

Appeal from the Order of October 29, 2014
In the Court of Common Pleas of Mercer County
Criminal Division at No(s): CP-43-SA-0000038-2013

BEFORE:  SHOGAN, OLSON and WECHT, JJ.

MEMORANDUM BY OLSON, J.:                    **FILED NOVEMBER 10, 2015**

Appellant, Michael S. Rotz, appeals from the order entered on October 29, 2014, dismissing his "petition to appeal *nunc pro tunc*," which constitutes Appellant's first petition filed under the Post-Conviction Relief Act (PCRA), 42 Pa.C.S.A. § 9541-9546.  We affirm.

On July 16, 2013, the magisterial district court found Appellant guilty of driving while operating privilege is suspended or revoked.  75 Pa.C.S.A. § 1543(a).  That day, the magisterial district court sentenced Appellant to serve 30 days in jail (but permitted Appellant to serve his time on house arrest) and to pay a $1,000.00 fine.  On July 31, 2013, Appellant executed a waiver of stay of execution of sentence.  **See** Docket Entry at 1.  Appellant was then confined from August 23, 2013 until September 22, 2013 – at

which time Appellant's sentence expired.  *See id.*; *see also* Commitment, dated 7/31/13, at 1.

On August 15, 2013, Appellant filed a timely notice of appeal to the court of common pleas.  *See* Pa.R.Crim.P. 462(a) ("When a defendant appeals after the entry of a guilty plea or a conviction by an issuing authority in any summary proceeding, upon the filing of the transcript and other papers by the issuing authority, the case shall be heard *de novo* by the judge of the court of common pleas sitting without a jury").  On October 11, 2013, the trial court found Appellant guilty of 75 Pa.C.S.A. § 1543(a) and, that day, the trial court imposed upon Appellant the same sentence as did the magisterial district court.  Trial Court Order, 10/11/13, at 1-2.

On December 3, 2013, Appellant filed a *pro se* "petition for allowance of appeal" with the Pennsylvania Supreme Court.  The Supreme Court notified Appellant by letter dated December 20, 2013, that it would not accept Appellant's petition for filing.  Supreme Court Prothonotary Letter, 12/23/13, at 1.

Appellant then filed a *pro se* notice of appeal to this Court on December 20, 2013.  This Court quashed Appellant's untimely notice of appeal by order entered February 10, 2014.  *See Commonwealth v. Rotz*, 2041 WDA 2013, at 1 (*per curiam* order quashing Appellant's untimely notice of appeal).

On October 28, 2014, Appellant filed a *pro se* "petition to appeal *nunc pro tunc*" with the lower court, wherein Appellant claimed that he wished to

file "an appeal *nunc pro tunc* (after the [appeal] deadline)." Appellant's Petition, 10/28/14, at 1. Within Appellant's petition, Appellant did not plead any "extraordinary circumstances" or reasons as to why he failed to file a timely notice of appeal. Rather, Appellant's petition simply claimed:

> 1. My address is [_____] and my telephone number is [_____].
>
> 2. On October 11, 2013, I [was] convicted of driving while operator's privileges were suspended or revoked. . . .
>
> 3. I wish to file an appeal *nunc pro tunc* (after the deadline) for the following reasons:
>
>> a. At the time of the citation, my license was not suspended.
>>
>> b. Evidence was discarded that showed my innocence (by officers own admission).
>>
>> c. Violation of 4th Amendment of U.S. Constitution. The right to be secure in their persons, houses, papers, and effects, against unreasonable searches.
>>
>> d. Violation of 6th Amendment of U.S. Constitution, where public defender told district justice I was guilty and there was nothing he could do for me, after I had told the district justice I was unhappy with council [sic] and that council [sic] thought it was a joke.
>>
>> e. Violation of 8th Amendment of U.S. Constitution, excessive bail or fines imposed.
>>
>> f. This incorrect conviction is jeopardizing my livelihood and causing me great economic hardship.
>
> WHEREFORE, I am requesting permission to file an appeal from my conviction, *nunc pro tunc*.

Appellant's Petition, 10/28/14, at 1-2 (some internal capitalization and emphasis omitted).

The lower court denied the petition on October 29, 2014 and Appellant filed a timely, *pro se* notice of appeal to this Court. We conclude that Appellant's "petition to appeal *nunc pro tunc*" constitutes a PCRA petition and that the lower court properly denied the petition, as Appellant is ineligible for post-conviction collateral relief.

We "review an order granting or denying PCRA relief to determine whether the PCRA court's decision is supported by evidence of record and whether its decision is free from legal error." **Commonwealth v. Liebel**, 825 A.2d 630, 632 (Pa. 2003).

The PCRA "provides for an action by which persons convicted of crimes they did not commit and persons serving illegal sentences may obtain collateral relief." 42 Pa.C.S.A. § 9542. As the statute declares, the PCRA "is the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies . . . including *habeas corpus* and *coram nobis*." **Id.**; **see also Commonwealth v. Ahlborn**, 699 A.2d 718, 721 (Pa. 1997). Thus, under the plain terms of the PCRA, "if the underlying substantive claim is one that could potentially be remedied under the PCRA, that claim is **exclusive to** the PCRA." **Commonwealth v. Pagan**, 864 A.2d 1231, 1233 (Pa. Super. 2004) (emphasis in original).

Appellant's "petition to appeal *nunc pro tunc*" requests the *nunc pro tunc* restoration of Appellant's direct appellate rights. However, the PCRA

encompasses Appellant's claim for relief, as Appellant is seeking to obtain collateral relief from his final judgment of sentence and the PCRA provided a remedy for Appellant. *See Commonwealth v. Lantzy*, 736 A.2d 564, 569 (Pa. 1999) (the Supreme Court would not interpret the PCRA in a manner that would "collide with the legislative directive that the PCRA is intended to provide the sole means for obtaining collateral review and relief, encompassing all other common law rights and remedies, including *habeas corpus*"); *see also Commonwealth v. Eller*, 807 A.2d 838, 842-843 (Pa. 2002) ("claims seeking restoration of appellate rights due to counsel's alleged failure to perfect a requested direct appeal are cognizable under the PCRA, and therefore are subject to the PCRA's exclusivity provision"); *Commonwealth v. Farrior*, 809 A.2d 396, 397 (Pa. Super. 2002) ("all requests for reinstatement of appellate rights, including PCRA appellate rights, must meet the timeliness requirements of the PCRA").

Appellant's claim thus falls under the rubric of the PCRA and, since the PCRA encompasses Appellant's claim, Appellant "can only find relief under the PCRA's strictures." *Pagan*, 864 A.2d at 1233; *see also Commonwealth v. Jackson*, 30 A.3d 516, 521 (Pa. Super. 2011) ("[petitioner's legality of sentence] claim is cognizable under the PCRA . . . . [Thus, petitioner's] 'motion to correct illegal sentence' is a PCRA petition and cannot be considered under any other common law remedy").

In the case at bar, Appellant is not eligible for relief under the PCRA because he is no longer subject to any form of punishment for the

underlying offense. Indeed, Appellant was sentenced to 30 days in jail – and Appellant served his sentence from August 23, 2013 until September 22, 2013. Hence, Appellant's sentence in this case expired on September 22, 2013. "[T]o be eligible for relief under the PCRA, the petitioner must be currently serving a sentence of imprisonment, probation or parole for the crime." ***Commonwealth v. Hart***, 911 A.2d 939, 942 (Pa. Super. 2006), *citing* 42 Pa.C.S.A. § 9543(a)(1)(i). "As soon as his sentence is completed, the petitioner becomes ineligible for relief, regardless of whether he was serving his sentence when he filed the petition." ***Hart***, 911 A.2d at 942. In addition, this Court has held that the PCRA precludes relief for those petitioners whose sentences have expired, regardless of any collateral consequences of their sentence. ***Commonwealth v. Fisher***, 703 A.2d 714, 716 (Pa. Super. 1997).

Applying these principles to the facts of this case, we conclude that Appellant is ineligible for post-conviction collateral relief on his "driving while operating privilege is suspended or revoked" conviction, since he has completed his sentence for this conviction.[1, 2]

_____

[1] In ***Commonwealth v. Stock***, 679 A.2d 760 (Pa. 1996), the trial court sentenced Mr. Stock to pay a fine – but not to serve any time in jail – for a summary conviction. Following his conviction, Mr. Stock requested that his attorney file a direct appeal from his judgment of sentence, but the attorney failed to do so. Mr. Stock then sought the reinstatement of his direct appeal rights *nunc pro tunc*. Our Supreme Court held that, in "those rare instances where a defendant seeking *nunc pro tunc* relief is not, **and never was**, eligible to seek collateral relief under the PCRA because he could not satisfy

*(Footnote Continued Next Page)*

- 6 -

Order affirmed.  Jurisdiction relinquished.

_____
*(Footnote Continued)*

the PCRA's custody requirement," our courts would consider the claim to arise outside of the confines of the PCRA.  **See Commonwealth v. Hall**, 771 A.2d 1232, 1236-1237 (Pa. 2001) (emphasis added), *quoting*, **Commonwealth v. Murray**, 753 A.2d 201, 203 n.2 (Pa. 2000).  In the case at bar, however, Appellant was sentenced to a term of 30 days in jail.  Thus, Appellant was, in fact, "eligible to seek collateral relief under the PCRA."  As such, the case at bar does not implicate the "rare instance[]" referred to in **Stock**.

[2] Although it is well settled that a first-time PCRA petitioner is entitled to assistance of counsel, regardless of whether or not the petition is timely on its face, the failure to appoint counsel is not reversible error where the petitioner's sentence has expired.  **Hart**, 911 A.2d at 942.  "This court has held that the failure to appoint counsel for a petitioner under the PCRA who has served his sentence is harmless error, and that a remand for appointment of counsel is not appropriate, as a remand would be futile under such a circumstance."  **Id.**, *citing* **Commonwealth v. Auchmuty**, 799 A.2d 823, 826–827 (Pa. Super. 2002).  In **Hart**, we explained this rule as follows:

> The purpose for appointing counsel for a first-time petitioner, even where the petition appears to be untimely filed, is for the petitioner to attempt to establish an exception to the one-year time limitation.  Obviously, where the petitioner is no longer serving a sentence of imprisonment, probation or parole, establishing such an exception is a legal impossibility, as the statute no longer applies.  The law does not require the performance of a futile act.

**Hart**, 911 A.2d at 942.

J-S52018-15

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/10/2015