J-S05042-18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | : | |
| v. | : | |
| GLENN MUMAU, | : | |
| Appellant | : | 1485 WDA 2017 |

Appeal from the Order September 21, 2017
in the Court of Common Pleas of Jefferson County
Criminal Division at No(s): CP-33-CR-0000014-2016

BEFORE:   OLSON, OTT, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:   **FILED MARCH 20, 2018**

Glenn Mumau (Appellant) *pro se* appeals from the order entered September 21, 2017, denying his motion for reconsideration of sentence *nunc pro tunc*.  Upon review, we vacate the order and remand for proceedings consistent with this memorandum.

On August 31, 2016, Appellant entered a guilty plea to one count of corrupt organizations, one count of operation of a methamphetamine lab, and four counts of delivery of methamphetamine.  On September 7, 2016, Appellant was sentenced to an aggregate term of 86 months to 30 years of incarceration.  Appellant timely filed a post-sentence motion, which was denied on September 16, 2016.  Appellant did not file a direct appeal.

On September 20, 2017, Appellant *pro se* filed a motion for reconsideration *nunc pro tunc*.  The trial court denied this motion on

*Retired Senior Judge assigned to the Superior Court.

September 22, 2017. This timely-filed appeal followed. Both Appellant and the court complied with Pa.R.A.P. 1925.

Before we address the issues raised by Appellant, we must first address whether Appellant is properly proceeding *pro se* in this Court.[1] In doing so, we are mindful of the following.

"[A]ll motions filed after a judgment of sentence is final are to be construed as PCRA[2] petitions." **Commonwealth v. Taylor**, 65 A.3d 462, 466 (Pa. Super. 2013) (citing **Commonwealth v. Fowler**, 930 A.2d 586 (Pa. Super. 2007) (collecting cases)). **See also Commonwealth v. Jackson**, 30 A.3d 516, 521 (Pa. Super. 2011) (quoting **Commonwealth v. Johnson**, 803 A.2d 1291, 1293 (Pa. Super. 2002) ("'We have repeatedly held that ... any petition filed after the judgment of sentence becomes final will be treated as a PCRA petition.'")).

Here, Appellant was sentenced on September 7, 2016, and his timely-filed post-sentence motion was denied on September 16, 2016. Pursuant to the PCRA, his judgment of sentence became final on October 17, 2016, when he failed to file a direct appeal. **See** 42 Pa.C.S. § 9545 ("[A] judgment

---

[1] Although Appellant has not specifically raised an issue regarding his lack of PCRA counsel, we observe that we may do so *sua sponte.* **See Commonwealth v. Stossel***,* 17 A.3d 1286, 1290 (Pa. Super. 2011) (discussing the right of Superior Court to address an appellant's lack of counsel *sua sponte* in PCRA matter).

[2] Post Conviction Relief Act, 42 Pa.C.S. §§ 9541-9546.

becomes final at the conclusion of direct review… or at the expiration of time for seeking the review."). Accordingly, the trial court should have treated Appellant's September 20, 2017 motion as a first, timely-filed PCRA petition.

Rule 904 of the Rules of Criminal Procedure requires the appointment of counsel for an indigent petitioner on his first PCRA petition.[3] Pa.R.Crim.P. 904(C); Order, 10/6/2017 (granting Appellant's motion to proceed *in forma pauperis*). Because this was Appellant's first filing, he was entitled to the appointment of counsel. Therefore, we vacate the order denying the motion and remand to the trial court for the appointment of counsel. If Appellant wishes to proceed *pro se*, a **Grazier**[4] hearing is required.

Order vacated. Case remanded for proceedings consistent with this memorandum. Jurisdiction relinquished.

---

[3] This requirement applies irrespective of whether Appellant requested counsel to be appointed. **See Commonwealth v. Auchmuty**, 799 A.2d 823, 826 (Pa. Super. 2002) ("[This Court] opined that clearly Rule [] 904 does not require petitioners to affirmatively request appointment of counsel and concluded it also was necessary to remand for appointment of counsel.").

[4] **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998).

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date:  3/20/2018