**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Mary E. AUCHMUTY, Appellant.**

Superior Court of Pennsylvania.

Submitted Feb. 19, 2002.

Filed May 16, 2002.

Mary E. Auchmuty, appellant, pro se.

Michael T. Conahan, Asst. Dist. Atty., Wilkes-Barre, for Commonwealth.

Before McEWEN, P.J.E., ORIE MELVIN and HESTER, JJ.

HESTER, Senior J.

¶ 1 Mary E. Auchmuty appeals from the August 1, 2001 order denying her *pro se* petition for PCRA relief. Since the PCRA court has not filed a Rule 1925 opinion, we are unable to assess the validity of the basis for denial. However, our independent review of the record reveals that Appellant has waived all issues on appeal due to her failure to comply with the trial court's directive to file a Rule 1925(b) statement. *See Commonwealth v. Lord,* 553 Pa. 415, 719 A.2d 306 (1998). Further, we find Appellant is not eligible for PCRA

relief due to the fact she testified she was no longer serving a sentence at the time of the PCRA hearing. *See Commonwealth v. Ahlborn*, 548 Pa. 544, 699 A.2d 718 (1997). We affirm.

¶ 2 The record indicates the following. Appellant was charged with recklessly endangering another person for discharging a shotgun in the vicinity of William Brown on June 21, 1999. William and his father, Richard H. Brown, stopped along the roadway to inspect Appellant's rural property after learning that it was for sale. While standing on the outskirts of Appellant's property line, William heard a gunshot and saw the dirt in front of him spray upward. William immediately felt a burning sensation in his chest and abdomen. Richard reported the incident to the police.

¶ 3 Pennsylvania State Trooper Michael Boone arrived to investigate. In his report, Trooper Boone indicated that Appellant had fired her shotgun through the trees in the direction of people who were on her property. On June 25, 1999, Trooper Boone filed charges against Appellant for recklessly endangering another person in connection with the incident.

¶ 4 At the March 21, 2000 trial, Appellant denied that she had discharged her shotgun near the victim.[1] N.T. Trial, 3/21/00, at 40. Rather, Appellant told the jury she had shot at a porcupine that was menacing her garden. *Id.* at 41. Appellant further denied that she discharged her shotgun in the direction of the roadway. *Id.* at 42–43.

¶ 5 Trooper Boone testified that Appellant was agitated following the incident and changed her story several times during the interview. *Id.* at 29, 33. Trooper Boone recalled Appellant told him she had yelled at people on her property then retrieved her shotgun. *Id.* at 28–29. He also recalled Appellant saying that she had fired her weapon toward the roadway, but into the garden. *Id.* Trooper Boone surmised that the trajectory of shotgun pellets, fired as Appellant had described, would have traveled at least 100 feet over the victim's head. *Id.* at 30. Following the conclusion of all testimony, the jury found Appellant guilty as charged.

¶ 6 On March 27, 2000, Appellant filed a document indicating an intelligent waiver of counsel and notice of intent to proceed *pro se* citing unspecified assertions of ineffective assistance of appointed counsel. Thereafter, Appellant filed a *pro se* notice of appeal and post-trial motions on March 31, 2000. There is no record of an order denying Appellant's post-trial motions. The court entered an order on May 1, 2000, deferring sentencing until May 30, 2000, in order that Appellant could file a petition requesting *in forma pauperis* status. The record contains no formal petitions requesting *in forma pauperis* status or appointment of counsel. However, the record does contain several statements, handwritten by Appellant, explaining that she was without funds and wanted the court to appoint an attorney to represent her. *See* Letter to Public Defender's Office, dated 6/8/00, (requesting "appropriate papers . . . to receive a new attorney"); Petition to Extend Time for Destruction of Weapon, filed 6/29/00; Petition to Correct Court Records, filed 11/27/00. There is no record of a reply from the court concerning Appellant's informal requests for *in forma pauperis* status or appointment of an attorney.

¶ 7 On May 30, 2000, Appellant, still not represented by counsel, was sentenced to three months house arrest without electronic monitoring, to run concurrently with one-year probation. A direct appeal was

---

1. Appellant was represented by the Public Defender's Office at trial.

not pursued. Therefore, Appellant's judgment of sentence became final at the expiration of the thirty-day time period for seeking review with this Court, which was on or about June 30, 2000.

¶ 8 On May 31, 2001, one day after the expiration of Appellant's sentence, Appellant filed a timely *pro se* PCRA petition, alleging ineffectiveness of trial counsel. *See* 42 Pa.C.S. § 9545(b)(1) (indicating to be timely, PCRA petition must be filed within one year of date on which judgment of sentence became final). At the July 30, 2001 hearing held to consider the merits of Appellant's petition, she admitted that she no longer was serving the probationary term. N.T. PCRA Hearing, 7/30/01, at 2. The record is silent as to why the court held a hearing even though Appellant's sentence obviously had expired and why it failed to appoint counsel to represent Appellant at the hearing. This appeal followed the denial of Appellant's petition.

¶ 9 On September 13, 2001, the court filed an order to compel Appellant to file a statement of matters complained of on appeal, pursuant to Pa.R.A.P.1925(b), within fourteen days. The directive warned Appellant that failure to comply with the order could result in the waiver of all issues. Appellant never filed the Rule 1925(b) statement. To date, the PCRA court has not filed an opinion.

■ ¶ 10 Initially, we note that this appeal is fraught with procedural irregularities that impede Appellant's quest for PCRA relief. Specifically, Appellant's failure to file a Rule 1925(b) statement resulted in waiver of all issues on appeal. Moreover, the fact that Appellant currently is not serving a sentence results in her ineligibility for PCRA relief.

■ ¶ 11 In *Commonwealth v. Lord,* our Supreme Court held: "[F]rom this day forward, in order to preserve their claims for appellate review, appellants must comply whenever the trial court orders them to file a Statement of Matters Complained of on Appeal pursuant to Rule 1925. Any issues not raised in a 1925(b) statement will be deemed waived." *Id.* at 309. An appellate court can only conduct meaningful review where the appellant submits a Rule 1925(b) statement, and the PCRA court responds to those issues in its opinion. *See Commonwealth v. Butler,* 756 A.2d 55 (Pa.Super.2000) (concluding no entitlement to post-conviction relief where defendant fails to comply with PCRA court's directive to file statement of matters complained of on appeal). Accordingly, we conclude that Appellant has waived the issues she raises on appeal as a result of her failure to file a Rule 1925(b) statement.

■ ¶ 12 Further, in addition to the apparent waiver of all issues on appeal, we note Appellant is otherwise ineligible for PCRA relief. Under 42 Pa.C.S. § 9543(a)(1)(i), a PCRA petitioner is not eligible for relief unless he or she is "currently serving a sentence of imprisonment, probation or parole for the crime." In Appellant's *pro se* PCRA petition, which was filed on May 31, 2001, Appellant indicated she currently was serving a sentence of probation. The record does not indicate the exact date on which Appellant began serving her sentence. However, since the record does not contain a request for a delayed sentence, we assume Appellant began to serve her probation as of the date of sentencing, May 30, 2000. Therefore, Appellant would have completed her sentence on May 30, 2001, one day *prior* to the filing of her PCRA petition. In any event, our Supreme Court has held that even if a petitioner is serving a sentence when a PCRA petition is filed, the petitioner cannot obtain relief under the PCRA once the sentence has *expired. Common-*

*wealth v. Ahlborn,* 548 Pa. 544, 699 A.2d 718 (1997). Since the record reveals that Appellant had completed her probationary sentence at the time of the PCRA hearing, she no longer was eligible for relief. Therefore, the PCRA court properly denied Appellant's petition.[2]

¶ 13 Before we affirm, however, we are compelled to address the fact that Appellant was denied her right to representation by counsel in her first PCRA proceeding. *See* Pa.R.Crim.P. Rule 904(A) (providing that where unrepresented defendant satisfies the court she is indigent, the judge shall appoint counsel to represent defendant on a first petition for PCRA relief). Ordinarily, such an error would mandate a remand. *See Commonwealth v. Guthrie,* 749 A.2d 502 (Pa.Super.2000); *Commonwealth v. Ferguson,* 722 A.2d 177 (Pa.Super.1998). Clearly, despite Appellant's numerous requests for representation and her contention that she was indigent, the court neglected to appoint PCRA counsel. However, we distinguish the line of cases requiring remand in instances where counsel has not been appointed and conclude that the court's failure to appoint PCRA counsel, herein, was harmless error.

¶ 14 In *Guthrie, supra,* and *Ferguson, supra,* even though the appellants appeared to be ineligible for relief based upon the fact that their PCRA petitions were untimely, we remanded for the appointment of counsel. *Ferguson* held, in reliance upon former Pa.R.Crim.P. 1504 (currently Rule 904) and case law, where an indigent PCRA petitioner requests the appointment of counsel for assistance in the preparation of a first petition pursuant to the PCRA, counsel must be appointed despite the apparent untimely nature of the petition. We decided that an indigent petitioner is entitled to assistance of counsel in determining whether his petition is timely, and if not, whether circumstances exist which except the case from the ordinary timeliness requirements. *See* 42 Pa. C.S. § 9545(b)(1).

¶ 15 *Guthrie* was distinguished from *Ferguson* in that the defendant in *Ferguson* had requested the appointment of counsel, whereas the defendant in *Guthrie* had not. We opined that clearly, Rule Pa.R.Crim.P. 904 does not require petitioners to affirmatively request appointment of counsel and concluded it also was necessary to remand for appointment of counsel in *Guthrie.* We further observed that the comment to the Rule states, "[c]onsistent with Pennsylvania post-conviction practice, it is intended that counsel be appointed in every case in which a defendant has filed a petition for post-conviction collateral relief for the first time and is unable to afford counsel or otherwise procure counsel." *Guthrie, supra,* 749 A.2d at 504. *Guthrie* and *Ferguson* are distinguishable from the instant facts.

¶ 16 Herein, although we note that Appellant asserted her indigence, it is clear that her ineligibility for PCRA relief is not based upon whether her petition was timely filed, as was the case with *Guthrie* and *Ferguson.* Since both appellants in *Guthrie* and *Ferguson* were currently serving their respective sentences, there was the possibility that those trial courts might have gleaned merit from an issue on remand, thereby affording some relief to the petitioners. In this case however, the basis for Appellant's ineligibility is the fact that she is not "currently serving a sentence." 42 Pa.C.S. § 9543(a)(1)(i). It

---

2. While we are unaware of the actual basis upon which the PCRA court denied Appellant's petition, we may affirm on any legal ground, regardless of the basis upon which the court relied. *Commonwealth v. Priovolos,* 746 A.2d 621 (Pa.Super.2000).

would be futile to remand for appointment of counsel since there is no remedy available to Appellant under the present circumstances. Moreover, a fundamental principle of jurisprudence is that the law does not require the performance of a futile act. *Commonwealth v. Myers*, 485 Pa. 519, 524, 403 A.2d 85, 87 (1979). Accordingly, we conclude that the PCRA court properly denied Appellant's petition since she is ineligible for PCRA relief.

¶ 17 Order affirmed.