J-S08028-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| KEITH WARREN | |
| Appellant | No. 2063 EDA 2014 |

Appeal from the PCRA Order of July 1, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No.: CP-51-CR-0434601-1986

BEFORE:  DONOHUE, J., WECHT, J., and JENKINS, J.

MEMORANDUM BY WECHT, J.:                **FILED FEBRUARY 17, 2015**

Keith Warren appeals the July 1, 2014 order that dismissed his *pro se* petition for relief pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46.  We affirm.

The PCRA court summarized the procedural history of this case as follows:

> [Warren] entered a guilty plea to the charges of robbery and criminal conspiracy before the Honorable Judge Theodore A. McKee on April 2, 1987.  That same day, [Warren] was sentenced by Judge McKee to serve four to twenty-three [and one-half] months [of] incarceration for the robbery charge, and three years' probation for the robbery along with [an] additional seven years [of] probation for the criminal conspiracy charge.  No motion for reconsideration or direct appeal was filed.  On July 19, 1989, [Warren] appeared before Judge McKee for a [violation of probation ("VOP")] hearing at the conclusion of which Judge McKee revoked probation and sentenced [Warren] to an aggregate term of imprisonment totaling eight to eighteen years [of] incarceration.[1] . . .  [Warren] did not file any motion for reconsideration or direct appeal of his sentence.

> [1] [Warren] had been arrested and charged . . . with, *inter alia*, Rape, Corrupting a Minor and Criminal Conspiracy, charges which he was found guilty of committing after a jury trial held before the Honorable Marvin R. Halbert. On November 9, 1989, [Warren] was sentenced to serve nine to twenty years for the rape conviction, two and a half to five years for the corrupting a minor conviction, and five to ten years for the criminal conspiracy conviction.
>
> [Warren] filed his first post conviction relief petition on June 26, 2000. Thereafter counsel was appointed, and the petition was dismissed as frivolous on June 15, 2001, after counsel filed a **Finley**/**Turner**[3] no-merit letter. [Warren] did not file an appeal.[4]
>
> > [3] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) [(describing the method by which counsel may seek to withdraw from representation in a PCRA case)].
> >
> > [4] The docket indicates that [Warren] filed a Writ of *Habeas Corpus* on August 8, 2008 seeking reinstatement of his previous PCRA *nunc pro tunc*. No further documents or docket entries corresponding to the August 2008 writ can be found. . . .
>
> [Warren] filed his current post conviction petition on June 11, 2013. After conducting an extensive and exhaustive review of the record and applicable case law, [the PCRA court] determined that [Warren's] petition for post-conviction collateral relief was untimely filed.

PCRA Court Opinion ("P.C.O."), 10/3/2014, at 1-2 (some footnotes omitted).

On March 13, 2014, the PCRA court issued notice of its intent to dismiss Warren's PCRA petition pursuant to Pa.R.Crim.P. 907 because it was untimely. On March 28, 2014, Warren filed a response to the Rule 907 notice. On July 1, 2014, the PCRA court dismissed Warren's petition. On July 18, 2014, Warren filed a notice of appeal. The PCRA court did not order, and Warren did not file, a concise statement of errors complained of

on appeal. On October 3, 2014, the PCRA court issued its Pa.R.A.P. 1925(a) opinion.

Warren raises one issue for our review:

Whether [Warren] is entitled to PCRA relief pursuant to 42 Pa.C.S.A. § 9545(b)(1)(i); Interference by Government Officials, of his right to defend himself against the charges, by way of direct appeal?

Warren's Brief at 4 (citation modified).

Before reaching the merits of Warren's claim, we must ensure that he is eligible for relief under the terms of the PCRA.

**(a) General rule.--**To be eligible for relief under this subchapter, the petitioner must plead and prove by a preponderance of the evidence all of the following:

(1) That the petitioner has been convicted of a crime under the laws of this Commonwealth and is at the time relief is granted:

(i) currently serving a sentence of imprisonment, probation or parole for the crime. . . .

42 Pa.C.S.A. § 9543. "Petitioners are required to satisfy, *inter alia*, the criteria for eligibility for relief, **see** 42 Pa.C.S.A. § 9543, and the timeliness restrictions, **id.** at § 9545." **Commonwealth v. Turner**, 80 A.3d 754, 767 (Pa. 2013) (citation modified) (holding that petitioner's constitutional claim "does not overcome the legislature's restrictions on collateral review"). Further, "even if a petitioner is serving a sentence when a PCRA petition is filed, the petitioner cannot obtain relief under the PCRA once the sentence

- 3 -

has *expired.*"  ***Commonwealth v. Auchmuty***, 799 A.2d 823, 825 (Pa. Super. 2002) (emphasis in original).[1]

Here, on April 2, 1987, Warren was sentenced to four to twenty-three and one-half months' incarceration, with credit for time served, to be followed by three years of probation.  At the VOP hearing, Warren testified that he was released on September 12, 1987.  Notes of Testimony, 7/19/1989, at 20.  However, he was arrested on new charges on June 13, 1988.  On April 10, 1989, Warren was found guilty of the new charges.  On July 19, 1989, Warren appeared for a VOP hearing.  At that time, he was given a new sentence on the instant charges of three to eight years' imprisonment for robbery and five to ten years for criminal conspiracy to run consecutively to the robbery sentence.  Therefore, he received an aggregate sentence of eight to eighteen years' imprisonment on those charges.

On November 8, 1989, Warren was sentenced on the new charges.  He received a two-and-one-half- to five-year term of imprisonment for corruption of minors and a five- to ten-year term for criminal conspiracy.  Both of those sentences were ordered to begin immediately.  Warren also received a nine- to twenty-year term of imprisonment on the rape charge.

---

[1]    In ***Auchmuty***, we also held that the PCRA court's failure to appoint counsel was harmless error.  Even though we would generally remand for appointment of counsel, because the petitioner was no longer eligible for relief, counsel could obtain no other result for the petitioner.  799 A.2d at 826-27.

That term was to run consecutively to the sentences Warren already was serving.

On the robbery convictions at issue in the instant PCRA petition, Warren was sentenced to a maximum of eighteen years. He began serving that sentence on July 19, 1989. Therefore, because he has been imprisoned since that date, he necessarily finished serving it no later than July 19, 2007. Although Warren is still in prison, he currently is serving his rape sentence, not the robbery sentence for which he has filed his PCRA petition. Because Warren is no longer serving a sentence for the robbery conviction, he is not eligible for relief related to that conviction pursuant to the PCRA. The PCRA court dismissed Warren's petition on the basis of timeliness. However, we may affirm upon any basis. *See Commonwealth v. Charleston*, 94 A.3d 1012, 1028 (Pa. Super. 2014).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/17/2015

- 5 -