J-S33030-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

COMMONWEALTH OF PENNSYLVANIA, : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
Appellee :
:
v. :
:
ZYRONE L. POWELL, :
:
Appellant : No. 2074 EDA 2014

Appeal from the PCRA Order June 27, 2014,
Court of Common Pleas, Philadelphia County,
Criminal Division at No. CP-51-CR-0507881-2006

BEFORE: FORD ELLIOTT, P.J.E., DONOHUE and LAZARUS, JJ.

JUDGMENT ORDER BY DONOHUE, J.: **FILED JUNE 23, 2015**

Zyrone L. Powell ("Powell") appeals pro se from the order of court dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546, and permitting his court-appointed counsel to withdraw. On October 31, 2014, the PCRA court ordered Powell to file a statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b) ("Rule 1925(b) statement") within twenty-one days. PCRA Court Order, 10/31/14.[1] This order also provided that the failure to file a Rule 1925(b) statement would result in the waiver of all issues on appeal. *Id.* On December 29, 2014, the PCRA court filed an opinion in which it stated that as of that date, Powell had not complied with its directive to file a Rule 1925(b) statement. *See* PCRA Court Opinion, 12/29/14, at 1. Indeed, the

---

[1] Attached to this order in the original record is proof of mailing to Powell.

record reveals that Powell never filed a Rule 1925(b) statement. It is well established that the failure to file a court-ordered Rule 1925(b) statement results in the waiver of all claims on appeal. ***Commonwealth v. Auchmuty***, 799 A.2d 823, 825 (Pa. Super. 2002) (holding pro se appellant's failure to file a court-ordered Rule 1925(b) statement results in waiver of all issues on appeal).[2] Accordingly, Powell has waived all issues for purposes of appeal, and so we quash.

Although this determination disposes of Powell's appeal, we pause to note that Powell's submission to this Court does not conform to any of the standards for an appellant's brief. ***See*** Pa.R.A.P. 2111. It consists of a copy of the counseled brief that was filed on his behalf on direct appeal with various documents and transcripts appended thereto. Undoubtedly, even if Powell had not waived all issues for failure to file a Rule 1925(b) statement, his extensive briefing defects would preclude any chance of meaningful review and result in the quashal or dismissal of his appeal. ***See*** Pa.R.A.P. 2101.

Appeal quashed.

---

[2] The procedure found at Pa.R.A.P. 1925(c)(3) providing for remand for the filing of a Rule 1925(b) statement is not implicated in this case, as that is a remedy for a counsel's failure to file such a statement in a criminal matter; here, Powell is acting pro se and PCRA proceedings are civil, not criminal, in nature. ***Commonwealth v. Hill***, 16 A.3d 484, 495 n.14 (Pa. 2011).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/23/2015