J-S46021-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| RICKY TEJADA | |
| Appellant | No. 2319 EDA 2014 |

Appeal from the PCRA Order July 8, 2014
In the Court of Common Pleas of Lehigh County
Criminal Division at No(s): CP-39-CR-0002878-2000

BEFORE:  MUNDY, OLSON and MUSMANNO, JJ.:

MEMORANDUM BY OLSON, J.:                    **FILED SEPTEMBER 15, 2015**

Appellant, Ricky Tejada, appeals *pro se* from an order entered on July 8, 2014 that dismissed his first petition filed pursuant to the Post-Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

At the conclusion of a bench trial on August 8, 2001, the court found Appellant guilty of theft and receiving stolen property.  Thereafter, on October 1, 2001, the court sentenced Appellant to an aggregate term of two and one-half to five years' imprisonment.  We affirmed Appellant's judgment of sentence on October 2, 2003.  ***Commonwealth v. Tejada***, 320 EDA 2002 (Pa. Super. 2003) (unpublished memorandum).

On November 5, 2004, Appellant filed a *pro se* petition for collateral relief.  Counsel was appointed and filed amended petitions.  Following evidentiary hearings, the PCRA court denied relief.  On April 12, 2007, this

Court affirmed the order dismissing Appellant's petition. Appellant subsequently filed a petition for further review before the Supreme Court. On October 4, 2007, the Supreme Court granted Appellant's petition and remanded the matter to determine whether Appellant was entitled to reinstatement of his right to file a petition for further review challenging our October 2, 2003 order that affirmed Appellant's sentence on direct appeal.

Owing to delays arising from the transfer of Appellant's case to a new PCRA court judge, a remand hearing was not conducted until August 14, 2013. On August 22, 2013, the PCRA court granted Appellant's petition and reinstated his right to file a petition for further review *nunc pro tunc*. Thereafter, Appellant filed his petition, which the Supreme Court denied on February 4, 2014.

Appellant filed the instant PCRA petition, his first, on May 12, 2014. That same day, the PCRA issued notice pursuant to Pa.R.Crim.P. 907 of its intention to dismiss the petition without a hearing. Appellant responded on May 30, 2014 by filing an application for leave to amend his petition. The PCRA court dismissed Appellant's petition on July 8, 2014 and this appeal followed.

This court's standard of review for an order dismissing a PCRA petition is whether the determination of the PCRA court is supported by the record evidence and is free of legal error. ***Commonwealth v. Halley***, 870 A.2d 795, 799 n.2 (Pa. 2005). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.

*Commonwealth v. Carr*, 768 A.2d 1164, 1166 (Pa. Super. 2001). Moreover, a PCRA court may decline to hold a hearing on the petition if the PCRA court determines that the petitioner's claim is patently frivolous and is without a trace of support in either the record or from other evidence. *Commonwealth v. Jordan*, 772 A.2d 1011, 1014 (Pa. Super. 2001).

Here, Appellant is not eligible for relief under the PCRA because he is no longer subject to any form of punishment for the underlying offenses. Appellant was sentenced to two and one-half to five years' imprisonment on October 1, 2001. Hence, his sentence in this case expired in October 2006.

"[T]o be eligible for relief under the PCRA, the petitioner must be currently serving a sentence of imprisonment, probation or parole for the crime." *Commonwealth v. Hart*, 911 A.2d 939, 942 (Pa. Super. 2006), *citing* 42 Pa.C.S.A. § 9543(a)(1)(i). "As soon as his sentence is completed, the petitioner becomes ineligible for relief, regardless of whether he was serving his sentence when he filed the petition." *Hart*, 911 A.2d at 942. In addition, this Court has held that the PCRA precludes relief for those petitioners whose sentences have expired, regardless of any collateral consequences of their sentence. *Commonwealth v. Fisher*, 703 A.2d 714, 716 (Pa. Super. 1997). Lastly, a petitioner who has completed his sentence for an offense remains ineligible for collateral relief relating to that crime even though he is serving concurrent sentences for different offenses. *Commonwealth v. Smith*, 17 A.3d 873, 904 (Pa. 2011). Applying these principles to facts of this case, we conclude that Appellant is ineligible for

collateral relief on his theft-related charges since he has completed his sentence for those convictions. This determination precludes relief despite the fact that Appellant may still be serving a sentence for subsequent convictions.

We turn now to the Commonwealth's comments that remand may be appropriate since the PCRA court failed to appoint counsel on Appellant's first petition. Although it is well settled that a first-time PCRA petitioner is entitled to assistance of counsel, regardless of whether or not the petition is timely on its face, the failure to appoint counsel is not reversible error where the petitioner's sentence has expired. **Hart**, 911 A.2d at 942. "This court has held that the failure to appoint counsel for a petitioner under the PCRA who has served his sentence is harmless error, and that a remand for appointment of counsel is not appropriate, as a remand would be futile under such a circumstance." **Id.**, *citing* **Commonwealth v. Auchmuty**, 799 A.2d 823, 826–827 (Pa. Super. 2002). In **Hart**, we explained this rule as follows:

> The purpose for appointing counsel for a first-time petitioner, even where the petition appears to be untimely filed, is for the petitioner to attempt to establish an exception to the one-year time limitation. Obviously, where the petitioner is no longer serving a sentence of imprisonment, probation or parole, establishing such an exception is a legal impossibility, as the statute no longer applies. The law does not require the performance of a futile act.

**Hart**, 911 A.2d at 942.

Because Appellant is no longer serving a sentence for his theft and receiving stolen property convictions, we hold that he is ineligible for collateral relief and that his petition was subject to summary dismissal.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/15/2015