J. S06042/19

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :    IN THE SUPERIOR COURT OF
                     :                PENNSYLVANIA
                v.         :
                     :
DARRON DAVIS,          :          No. 2171 EDA 2018
                     :
         Appellant    :

Appeal from the Judgment of Sentence, June 28, 2018,
in the Court of Common Pleas of Delaware County
Criminal Division at No. CP-23-CR-0000848-2017

BEFORE:  BOWES, J., DUBOW, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:        **FILED JUNE 26, 2019**

Darron Davis appeals from the June 28, 2018 judgment of sentence entered by the Court of Common Pleas of Delaware County following his conviction of attempted first-degree murder, aggravated assault, robbery of a motor vehicle, criminal conspiracy, and possession of a firearm by a prohibited person.[1]  After careful review, we affirm.

The trial court provided the following synopsis of the relevant factual history:

> [O]n September 9, 2016[, Robert Lewis ("victim")] spent a period of time driving with [appellant] and another man, Barry Cunningham, in a white [Lexus]. The [v]ictim drove and [appellant] sat in the backseat. Cunningham was [in] the passenger's seat.  The [v]ictim stopped the car and exited, intending to urinate at the side of the road.  After the [v]ictim

---

[1] 18 Pa.C.S.A. §§ 901, 2701(a), 3702(a), 903, and 6105(a)(ii), respectively.

> relieved himself[, appellant] stepped from the car and shot the [v]ictim twice in the head. The [v]ictim was able to run across the street after [appellant] and Cunningham left in the [Lexus]. The next day, [appellant] and Cunningham were apprehended in the stolen vehicle.

Trial court opinion, 8/24/18 at 1-2.

A jury convicted appellant of the aforementioned charges on April 4, 2018. On June 28, 2018, the trial court sentenced appellant to an aggregate term of 45-90 years' imprisonment. Appellant did not file any post-sentence motions. On July 24, 2018, appellant filed a timely notice of appeal to this court. The trial court ordered appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) on July 26, 2018. On August 15, 2018, appellant complied. The trial court filed an opinion pursuant to Pa.R.A.P. 1925(a) on August 24, 2018.

Appellant raises the following issues for our review:

1. Was the victim incompetent to testify at trial where he was heavily under the influence of alcohol and a combination of illicit drugs, therefore impacting his veracity and ability to accurately recall the event?

2. Was the verdict against the weight and sufficiency of the evidence where [a]ppellant testified that he had dropped the victim off at his own home hours prior to the alleged incident?

Appellant's brief at 4.

In his first issue, appellant contends that the victim was under the influence of illicit drugs and alcohol on the day of the shooting, and was,

therefore, incompetent to testify at trial, as his "ability to recall is strongly called into question." (*Id.* at 16.) The Commonwealth argues that the issue is waived on appeal because appellant failed to include the issue in his Rule 1925(b) concise statement of errors complained of on appeal. (Commonwealth's brief at 6-7.) In his Rule 1925(b) statement, appellant did raise an issue pertaining to the victim's competence to testify at trial; however, he framed the issue as part of a weight and sufficiency of the evidence claim. (*See* appellant's Rule 1925(b) statement.) In his brief, we note that appellant appears to have abandoned the weight and sufficiency of the evidence issues pertaining to whether the victim was competent to testify and focuses solely on whether the victim was competent to testify. (*See* appellant's brief at 15-16.) We find that appellant's Rule 1925(b) statement, as it pertains to his first issue, provides sufficient detail in order to effectuate meaningful appellate review. *See* Pa.R.A.P. 1925(b)(4)(ii); *Commonwealth v. Auchmuty*, 799 A.2d 823, 825 (Pa.Super. 2002).

Appellant, however, nonetheless waived this issue on appeal because he failed to preserve this issue before the trial court. In order to preserve an issue for appellate review, the issue must first be raised before the trial court. *Commonwealth v. Melendez-Rodriguez*, 856 A.2d 1278, 1287 (Pa.Super. 2004), citing *Commonwealth v. Pearson*, 685 A.2d 551, 555 (Pa.Super. 1996) (*en banc*), *appeal denied*, 700 A.2d 439 (Pa. 1997); Pa.R.A.P. 302(a).

Here, the record reflects that appellant did not raise any objection before the trial court as to the victim's competency to testify, instead raising it for the first time in his Rule 1925(b) statement. Accordingly, the issue is waived on appeal.

In his second issue on appeal, appellant contends that the evidence was not sufficient to warrant a guilty verdict and that the verdict was against the weight of the evidence. In his brief, appellant argues that his testimony was more "credible and logical" as compared to that of the victim. (Appellant's brief at 18-19.) Appellant then specifically requests that the verdict "be reversed as against the sufficiency of the evidence, or in the alternative, remanded as against the weight of the evidence." (**Id.** at 19.) The Commonwealth argues that both issues are waived on appeal. (**See** Commonwealth's brief at 7-9.)

For sufficiency of the evidence claims, the Pennsylvania Rules of Appellate Procedure require an appellant to "concisely identify each ruling or error that the appellant intends to challenge with sufficient detail to identify all pertinent issues for the judge," within the concise statement of errors complained of on appeal. Pa.R.A.P. 1925(b)(4)(ii). Pennsylvania courts have consistently held that for sufficiency of the evidence challenges, an appellant's Rule 1925(b) statement "needs to specify the element or elements upon which the evidence was insufficient." **Commonwealth v. Tyack**, 128 A.3d 254, 260 (Pa.Super. 2015), quoting **Commonwealth v. Williams**, 959 A.2d 1252,

1257 (Pa.Super. 2008) (citation omitted). Failure to do so results in waiver of the issue on appeal. ***Id.***

Here, similar to the defendant in ***Tyack***, appellant provides a boilerplate Rule 1925(b) statement, averring as follows: "The verdict was against the weight and sufficiency of the evidence where [appellant] credibly testified that he had dropped the victim off at his home hours prior to the alleged incident, and therefore could not have been the perpetrator." (Appellant's Rule 1925(b) statement; ***see also Tyack***, 128 A.3d at 260.) Appellant failed to specify any element upon which he claims that the Commonwealth's evidence was insufficient. Moreover, appellant failed to specify the crimes upon which he claims that the Commonwealth's evidence was insufficient. Accordingly, appellant's second issue, as it relates to a sufficiency of the evidence claim, has been waived on appeal.

In weight of the evidence claims on appeal, a defendant is required to preserve the issue by filing a motion for a new trial either orally on the record at any point prior to sentencing, by written motion at any point prior to sentencing, or in a post-sentence motion. Pa.R.Crim.P. 607(A). Failure to do so constitutes waiver of the claim. ***Commonwealth v. Weir***, 201 A.3d 163, 167 (Pa.Super. 2018). Here, the record reflects that appellant did not make any motion before the trial court for a new trial prior to sentencing on the issue that the verdict was against the weight of the evidence. Likewise,

appellant failed to file any written post-sentence motions with the trial court.

Accordingly, appellant has waived his weight of the evidence claim on appeal.

Judgment of sentence affirmed.

Dubow, J. joins in this Memorandum.

Bowes, J. files a Concurring Memorandum in which Dubow, J. joins.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/26/19