J. S29036/19

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
v. :
:
MARKEITH REDDY, : No. 163 EDA 2019
:
Appellant :

Appeal from the PCRA Order Entered December 6, 2018
in the Court of Common Pleas of Chester County
Criminal Division at No. CP-15-CR-0003228-2015

BEFORE: BENDER, P.J.E., LAZARUS, J., AND FORD ELLIOTT, P.J.E.

JUDGMENT ORDER BY FORD ELLIOTT, P.J.E.: **FILED AUGUST 12, 2019**

Markeith Reddy appeals **pro se** from the December 6, 2018 order entered in the Court of Common Pleas of Chester County dismissing his third PCRA petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

A brief synopsis of the procedural history of this case, as gleaned from the certified record, is as follows: On March 10, 2016, appellant pled guilty to possession of a firearm prohibited; DUI: controlled substance–impaired ability–2nd offense; driving with a BAC .02% or greater while license suspended; and manufacture, delivery, or possession with the intent to manufacture or deliver a controlled substance.[1] That same day, the trial court

---

[1] 18 Pa.C.S.A. § 6105(a)(1), 75 Pa.C.S.A. §§ 3802(d)(2), 1543(b)(1.1), and 35 P.S § 780-113(a)(30), respectively.

sentenced appellant to an aggregate term of 6½ to 10 years' imprisonment. Appellant appealed his judgment of sentence, and the appeal was quashed as untimely. *See Commonwealth v. Reddy*, No. 1528 EDA 2016, *per curiam* order (Pa.Super. filed August 5, 2016). Appellant filed his first PCRA petition on November 29, 2016, and his second PCRA petition on October 16, 2017; the PCRA petitions were subsequently dismissed pursuant to Pa.R.Crim.P. 907(1). On October 23, 2018, appellant filed *pro se* this PCRA petition, his third. On October 30, 2018, the PCRA court notified appellant of its intent to dismiss the PCRA petition pursuant to Rule 907(1). Appellant filed a timely response. The PCRA court dismissed the PCRA petition on December 6, 2018. Appellant filed a timely notice of appeal.[2]

On January 14, 2019, the PCRA court ordered appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) within 21 days. (PCRA court order, 1/14/19.) The order also cautioned appellant that any issue not raised in a timely filed Rule 1925(b) statement would be waived. *Id.* Appellant did not file a Rule 1925(b) statement. On

---

[2] We note that the post-mark on the envelope that accompanied appellant's notice of appeal indicated that it was deposited with prison authorities on December 28, 2018, before the 30-day appeal period expired; but the notice of appeal was not entered on the docket until January 7, 2019, after the 30-day appeal period expired. Where a *pro se* appellant is incarcerated, as is the case here, the prisoner mailbox rule applies, and an appeal is deemed filed on the date the prisoner deposits the appeal with prison authorities or places it in a prison mailbox. *See Commonwealth v. Chambers*, 35 A.3d 34, 38 (Pa.Super. 2011), *appeal denied*, 46 A.3d 715 (Pa. 2012). Accordingly, we deem the instant appeal to be timely.

February 22, 2019, the PCRA court issued an order in lieu of a Rule 1925(a) opinion stating, "the Court presumes the waiver of all objections to this Court's Order dated December 6, 2018," because appellant failed to timely file a Rule 1925(b) statement.  (PCRA court order, 2/22/19.)

Indeed, the record reveals that appellant never filed a Rule 1925(b) statement.  It is well established that the failure to file a court-ordered Rule 1925(b) statement results in the waiver of all claims on appeal.  ***See Commonwealth v. Auchmuty***, 799 A.2d 823, 825 (Pa.Super. 2002) (holding that a ***pro se*** appellant's failure to file a court-ordered Rule 1925(b) statement results in waiver of all issues on appeal); ***see also*** Pa.R.A.P. 1925(b)(4)(vii) (stating, "[i]ssues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived.").  Accordingly, appellant has waived all issues on appeal.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/12/19

- 3 -