J-S39026-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JESUS ROSARIO-TORRES | |
| Appellant | No. 925 EDA 2019 |

Appeal from the Order Entered February 28, 2019
In the Court of Common Pleas of Pike County
Criminal Division at No.: CP-52-CR-0000286-2008

BEFORE: GANTMAN, P.J.E., STABILE, J., and STEVENS, P.J.E.[*]

JUDGMENT ORDER BY STABILE, J.: **FILED SEPTEMBER 27, 2019**

Appellant Jesus Rosario-Torres *pro se* appeals from the February 28, 2019 order of the Court of Common Pleas of Pike County ("trial court"), which denied his "Motion to Vacate and/or Reconsider Fines, Costs & Restitution *Nunc Pro Tunc* on the Grounds of Indigence" (the "Motion"). Upon review, we affirm.

Given our disposition of this appeal, we need not recite the lengthy factual and procedural history of this case, which has been set forth in detail in our May 4, 2016 memorandum affirming the lower court's decision to deny Appellant post-conviction relief. **See Commonwealth v. Rosario-Torres**, No. 1223 EDA 2015, unpublished memorandum at 1-4 (Pa. Super. filed May 4, 2016). Following the denial of post-conviction relief, Appellant *pro se* filed

---

[*] Former Justice specially assigned to the Superior Court.

the Motion on February 27, 2019, requesting that the trial court either vacate or reconsider the imposition of fines, costs and restitution.[1] On February 28, 2019, the trial court denied the Motion. Appellant timely appeal. On March 15, 2019, the trial court directed Appellant to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal within twenty-one days. The trial court cautioned Appellant that "failure to comply with this direction may" result in waiver of claims on appeal. Appellant failed to comply. On April 18, 2019, the trial court issued its Rule 1925(a) opinion, concluding that Appellant's failure to file a Rule 1925(b) statement resulted in waiver of all issues he wished to raise on appeal. We agree.

It is well established that the failure to file a court-ordered Rule 1925(b) statement results in the waiver of all claims on appeal. *See Commonwealth v. Auchmuty*, 799 A.2d 823, 825 (Pa. Super. 2002) (holding that a *pro se* appellant's failure to file a court-ordered Rule 1925(b) statement results in waiver of all issues on appeal); *see also* Pa.R.A.P. 1925(b)(4)(vii) ("[i]ssues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived."). Accordingly, we decline to entertain the merits of this appeal because Appellant has waived all issues.

Order affirmed.

---

[1] Appellant currently is serving a life sentence for, *inter alia*, his first-degree murder conviction.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>9/27/19</u>