J-S55005-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| EDWARD M. BUFFINGTON | : | |
| | : | |
| Appellant | : | No. 1493 WDA 2018 |

Appeal from the PCRA Order Entered August 13, 2018
In the Court of Common Pleas of Jefferson County Criminal Division at
No(s): CP-33-CR-0000633-2016

BEFORE:   MURRAY, J., McLAUGHLIN, J., and COLINS, J.*

JUDGMENT ORDER BY MURRAY, J.:                    FILED OCTOBER 21, 2019

Edward M. Buffington (Appellant) appeals pro se from the order dismissing his second petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  On October 24, 2018, the PCRA court ordered Appellant to file a statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b) within 21 days.  PCRA Court Order, 10/24/18. This order also provided that the failure to file a Rule 1925(b) statement would result in the waiver of all issues on appeal.  Id.  On December 19, 2018, the PCRA court filed an order in which it stated that as of that date, Appellant had not complied with its directive to file a Rule 1925(b) statement.

It is established law that an appellant's failure to file a court-ordered Rule 1925(b) statement results in waiver of all claims on appeal.

_____

* Retired Senior Judge assigned to the Superior Court.

Commonwealth v. Auchmuty, 799 A.2d 823, 825 (Pa. Super. 2002) (holding pro se appellant's failure to file a court-ordered Rule 1925(b) statement results in waiver of all issues on appeal). Accordingly, Appellant has waived his issues, and we quash the appeal.

Although quashal disposes of Appellant's appeal, we additionally note that Appellant's brief fails to conform with Pa.R.A.P. 2111, which prescribes the content of an appellant's brief. Appellant's brief does not include any argument or citation to relevant legal authority, and Appellant simply requests that his conviction be vacated and he be released from custody. Even if Appellant had not waived his issues for failure to file a Rule 1925(b) statement, the numerous defects in Appellant's brief would preclude meaningful review. See Pa.R.A.P. 2101 (where defects in brief are substantial, the appeal may be quashed or dismissed).

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/21/2019