J-S28018-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JACKIE S. KAUFFMAN | : | |
| | : | |
| Appellant | : | No. 339 MDA 2020 |

Appeal from the PCRA Order Entered February 14, 2020
In the Court of Common Pleas of Mifflin County Criminal Division at
No(s):  CP-44-CR-0000653-2016

BEFORE:  BOWES, J., OLSON, J., and MUSMANNO, J.

MEMORANDUM BY OLSON, J.:         **FILED: AUGUST 28, 2020**

Appellant, Jackie S. Kauffman, appeals from an order entered on February 14, 2020, which dismissed her petition for collateral relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

On a previous appeal, we summarized the facts of this case as follows:

In 2016, [Appellant's] nine-year-old daughter (hereinafter, ["A.H."]), a special needs child, resided in a trailer home with [Appellant], [her] older brother (who was also a minor), and [Appellant's] paramour, Adam Stidfole ("Stidfole").  Notably, Stidfole was a registered sexual offender (related to his sexual abuse of children and possession of child pornography in 2006), and [Appellant] admittedly knew of Stidfole's status as such prior to cohabitating with him and her minor children.  [Appellant] did not warn [A.H.] of Stidfole's status as a sexual offender or of a need to protect herself when around him.  [Appellant] stated that she tried to always arrange for either another adult or [A.H.'s] older brother to be in the trailer when [Appellant] was not present. Between approximately June 2016 and September 2016, [however,] Stidfole repeatedly sexually assaulted [A.H.].

[Appellant] testified at her trial that [A.H.] was lying about the sexual assaults.

[In October 2016,] the Commonwealth charged [Appellant] with one count of [endangering the welfare of a child.] The matter proceeded to a jury trial, at the close of which the jury found [Appellant] guilty. On May 11, 2018, the trial court sentenced her to serve one to two years in a state correctional facility, plus costs and a $250.00 fine. Additionally, the trial court determined that [Appellant] was eligible for the Recidivism Risk Reduction Incentive program.

*Commonwealth v. Kauffman*, 2019 WL 2564538, at *1 (Pa. Super. June 21, 2019) (footnotes omitted). This Court affirmed Appellant's judgment of sentence on June 21, 2019. *Id.* Appellant did not seek further review.

On August 27, 2019, Appellant filed a timely, *pro se* PCRA petition and the PCRA court subsequently appointed counsel to represent Appellant in the proceedings. On November 14, 2019, court-appointed counsel filed an amended PCRA petition on Appellant's behalf. In her petition, Appellant claimed that trial counsel was ineffective because he failed to "make a reasonable closing argument." Appellant's Amended PCRA Petition, 11/14/19, at *2 (un-paginated). The PCRA court held an evidentiary hearing on February 7, 2020, during which trial counsel testified. Thereafter, on February 14, 2020, the PCRA court denied Appellant's petition. Trial Court Opinion and Order, 2/14/20, at 1. This timely appeal followed.[1]

---

[1] Appellant filed a notice of appeal on February 24, 2020. On February 26, 2020, the PCRA court entered an order directing Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b)(1). Appellant timely complied. On March 6, 2020, the PCRA court issued a statement pursuant to Pa.R.A.P. 1925(a), in which it expressly incorporated an opinion that accompanied its February 14, 2020 order.

Appellant raises the following issue on appeal:

Did [Appellant] receive effective assistance of counsel when [trial counsel] failed to make a reasonable closing argument to the jury?

Appellant's Brief at 4.

Our standard of review is as follows:

Our review of a PCRA court's decision is limited to examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error. We view the findings of the PCRA court and the evidence of record in a light most favorable to the prevailing party. … The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions.

*Commonwealth v. Mason*, 130 A.3d 601, 617 (Pa. 2015) (internal quotation marks and citations omitted).

The statutory requirements for PCRA relief are set forth in Section 9543, which states, in relevant part, as follows:

(a) General rule.--To be eligible for relief under this subchapter, the petitioner must plead and prove by a preponderance of the evidence all of the following:

(1) That the petitioner has been convicted of a crime under the laws of this Commonwealth and is at the time relief is granted:

(i) currently serving a sentence of imprisonment, probation or parole for the crime;

42 Pa.C.S.A. §§ 9543(a)(1)(i). Pennsylvania "[c]ase law has strictly interpreted the requirement that [a PCRA] petitioner be currently serving a sentence for the crime to be eligible for relief." *Commonwealth v. Plunkett*,

151 A.3d 1108, 1109 (Pa. Super. 2016). Thus, once a PCRA petitioner's sentence is completed, she "becomes ineligible for relief, regardless of whether [she] was serving [her] sentence when [she] filed the petition." *Commonwealth v. Hart*, 911 A.2d 939, 942 (Pa. Super. 2006).

In the case at bar, it appears that Appellant is ineligible for PCRA relief. As stated above, on May 11, 2018, the trial court sentenced Appellant to serve one to two years in a state correctional facility, plus pay costs and a $250.00 fine. While the "record does not indicate the exact date on which Appellant began serving her sentence" it also does not include any "request for a delayed sentence." *Commonwealth v. Auchmuty*, 799 A.2d 823, 825-826 (Pa. Super. 2002). We therefore assume that Appellant began serving her sentence on the date of sentencing. *Id.* Accordingly, it would appear that Appellant completed her sentence in May 2020 and is no longer "currently serving a sentence of imprisonment, probation or parole for the crime." 42 Pa.C.S.A. §§ 9543(a)(1)(i). Thus, despite the fact that Appellant completed her sentence after she filed her PCRA petition and after the PCRA court conducted the evidentiary hearing and dismissed her petition, she appears ineligible for PCRA relief. *See also Commonwealth v. Ahlborn*, 699 A.2d 718, 720 (Pa. 1997); *Hart, supra*. Because the record seems to establish that Appellant is no longer eligible for collateral relief, the dismissal of her petition is subject to affirmance on procedural grounds.

Notwithstanding the above, as the record does not expressly confirm whether Appellant continues to serve her sentence, and thereby remain

eligible for collateral relief, we shall, out of an abundance of caution, briefly address the merits of her claims. Herein, Appellant argues that trial counsel was ineffective. In particular, Appellant claims that trial counsel's closing argument failed to "sharpen or clarify the issues . . . for the jury to decide, [] present [Appellant's] version of the [entire] case, [] point out the weaknesses of the Commonwealth's case, and [] attempt to persuade the jury." Appellant's Brief at 16. Based upon these alleged failures, Appellant asserts that trial counsel was ineffective because he essentially "abandoned [her] at the time of the closing argument." *Id.* at 24.

Our Supreme Court previously explained:

In order to obtain relief under the PCRA based on a claim of ineffectiveness of counsel, a PCRA petitioner must satisfy the performance and prejudice test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). In Pennsylvania, we have applied the *Strickland* test by requiring a petitioner to establish that: (1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's action or failure to act; and (3) the petitioner suffered prejudice as a result of counsel's error, with prejudice measured by whether there is a reasonable probability that the result of the proceeding would have been different. *Commonwealth v. Pierce*, 786 A.2d 203, 213 (Pa. 2001). Counsel is presumed to have rendered effective assistance, and, if a claim fails under any required element of the *Strickland* test, the court may dismiss the claim on that basis. *Commonwealth v. Ali*, 10 A.3d 282, 291 (Pa. 2010).

*Commonwealth v. Vandivner*, 130 A.3d 676, 680 (Pa. 2015) (parallel citations omitted).

Relating to the reasonable basis prong, [g]enerally, where matters of strategy and tactics are concerned, counsel's assistance is deemed constitutionally effective if he chose a particular course that had some reasonable basis designed to effectuate his client's

- 5 -

interests. Courts should not deem counsel's strategy or tactic unreasonable unless it can be concluded that an alternative not chosen offered a potential for success substantially greater than the course actually pursued. Also [a]s a general rule, a lawyer should not be held ineffective without first having an opportunity to address the accusation in some fashion. … The ultimate focus of an ineffectiveness inquiry is always upon counsel, and not upon an alleged deficiency in the abstract.

Relating to the prejudice prong of the ineffectiveness test, the PCRA petitioner must demonstrate that there is a reasonable probability that, but for counsel's error or omission, the result of the proceeding would have been different.

*Commonwealth v. Koehler*, 36 A.3d 121, 132 (Pa. 2012) (internal quotation marks and citations omitted).

The right to effective assistance of counsel extends to closing arguments. *Commonwealth v. Bryant*, 855 A.2d 726, 742 (Pa. 2004), *quoting* *Yarborough v. Gentry*, 540 U.S. 1, 5–6 (2003). However, the "selection of arguments" by counsel is recognized as a "core exercise of . . . discretion." *Yarborough*, 540 U.S. at 7. As such, an appellate court's review of a defense counsel's summation is highly deferential:

[C]ounsel has wide latitude in deciding how best to represent a client, and deference to counsel's tactical decisions in his closing presentation is particularly important because of the broad range of legitimate defense strategy at that stage. Closing arguments should "sharpen and clarify the issues for resolution by the trier of fact," but which issues to sharpen and how best to clarify them are questions with many reasonable answers. Indeed, it might sometimes make sense to forgo closing argument altogether. Judicial review of a defense attorney's summation is therefore highly deferential.

*Id.* at 5–6 (citations omitted). In recognition of the deference due to counsel, this Court previously explained that counsel need not discuss every legal

- 6 -

definition or "legal questions relevant to the case being tried in his summation." **Commonwealth v. Crawford**, 427 A.2d 166, 181 (Pa. Super. 1981). Instead, counsel may decide, as a matter of strategy, how to "marshal[] the evidence and [how] to present it, along with the permissible inferences arising therefrom, to the jury in the best possible light on behalf of his client." **Id.**

Herein, we conclude that trial counsel had a reasonable basis for formulating a brief, coherent, closing argument. **See** N.T. Trial, 3/19/18, at 25-26. At the evidentiary hearing, trial counsel explained that "when he made his closing[,] the room felt tense" and, as such, he believed that "an emotional speech was not a viable option." Trial Court Opinion and Order, 2/14/20, at 2. Further, trial counsel recognized that, because Appellant continuously testified that A.H. lied about the sexual assaults, the "case hinged on whether the jury believed [A.H.] or [Appellant]." **Id.**; **see also** N.T. Trial, 3/19/18, at 111, 115, 123-125, 129-130. Trial counsel, therefore, decided to avoid "points that [he] knew that the Commonwealth [could counter]." N.T. Evidentiary Hearing, 2/7/20, at 11-12. Instead, "he opted to state that it was up to the jury, [that] they should remove emotion from their deliberation, and carefully weigh the evidence presented before them." Trial Court Opinion and Order, 2/14/20, at 2. In light of our deference to trial counsel's tactical decisions, we conclude that counsel followed a reasonable strategy designed to effectuate Appellant's interest in making his closing argument and that

unchosen alternatives did not offer a potential for success substantially greater than the course actually pursued.

Because it appears that Appellant is no longer eligible for collateral relief and, alternatively, because Appellant's ineffectiveness claim fails, we affirm the PCRA court's order dismissing her PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 08/28/2020