J-S30036-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| FRANKIE JEROME CLARK | : | |
| | : | |
| Appellant | : | No. 521 MDA 2021 |

Appeal from the PCRA Order Entered March 30, 2021
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s):  CP-22-CR-0003745-2006,
CP-22-CR-0003747-2006

BEFORE:   BENDER, P.J.E., McCAFFERY, J., and COLINS, J.*

MEMORANDUM BY COLINS, J.:                    **FILED MARCH 04, 2022**

Frankie Jerome Clark appeals, *pro se*, from the order dismissing his fifth petition filed pursuant to the Post Conviction Relief Act (PCRA). ***See*** 42 Pa.C.S.A. §§ 9541-9546. As best can be discerned from his hand-written brief, Clark contends that following his 2007 guilty plea, which consisted of admitting to, among other offenses, burglary, the sentencing court improperly utilized his prior burglary convictions, leading to a lengthier and statutorily inappropriate incarceration period. We are constrained to quash this appeal.

On May 3, 2021, the PCRA court issued an order directing Clark to file a statement of matters complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b) within twenty-one days of that order's entry. ***See*** PCRA Court Order, 5/3/21. The order also stated that failure to comply

_____

* Retired Senior Judge assigned to the Superior Court.

with this requirement "may be considered by the appellate court as a waiver of all objections to the order, ruling, or other matter complained of." *Id*. On June 10, 2021, far in excess of the twenty-one-day period defined in the prior order, the PCRA court filed an order indicating that Clark, as of that date, had not complied with the May 3, 2021 statement requirement. *See* Memorandum Statement in Lieu of Opinion, filed 6/10/21 (distributed 6/11/21).

Through our independent review of the record, we have confirmed that Clark failed to file the requisite statement. Moreover, Clark has not presented any basis to excuse this deficiency. Accordingly, Clark's failure to file a court-ordered Rule 1925(b) statement results in a waiver of all claims on appeal. *See Commonwealth v. Auchmuty*, 799 A.2d 823, 825 (Pa. Super. 2002) (indicating that waiver stems from a *pro se* appellant's failure to file a court-ordered Rule 1925(b) statement).

Although the 1925(b) statement issue is dispositive, we further note that Clark's brief is woefully deficient in multiple ways. *See* Pa.R.A.P. 2111 (identifying the discrete components necessary for an appellate brief). Clark's three-page brief, bereft of any headings, contains no statement of jurisdiction, order or other determination in question, statement of both the scope of review and the standard of review, or statement of questions involved. *See id*.; *but see* Appellant's Brief, at 1-3. To the extent Clark's brief contains a statement of the case, summary of argument, and full-length argument, such areas are almost completely undeveloped. *See* Pa.R.A.P. 2111; *but see* Appellant's Brief, at 1-3. As such, even if Clark had filed a Rule 1925(b)

statement, we would be precluded from meaningful review of his underlying issue or issues, given those numerous defects. **See** Pa.R.A.P. 2101 (stating that "if the defects are in the brief … and are substantial, the appeal … may be quashed or dismissed").

Appeal quashed.[1]

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 03/04/2022

---

[1] We further note that the PCRA court dismissed Clark's PCRA petition at two criminal docket numbers. However, Clark only filed one notice of appeal, which is, at a minimum, facially violative of our Supreme Court's holding in **Commonwealth v. Walker**. **See** 185 A.3d 969, 976-77 (Pa. 2018) (stating that "when a single order resolves issues arising on more than one lower court docket, separate notices of appeal must be filed. The failure to do so will result in quashal of the appeal."). While subsequent cases have carved out exceptions to this rule, **see, e.g., Commonwealth v. Larkin**, 235 A.3d 350, 354 (Pa. Super. 2020) (*en banc*) (allowing for an exception to **Walker** if there is a breakdown in the court's operations), such a determination in the present matter is irrelevant given our quashal of Clark's appeal on a separate ground.