J-A18002-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ROBERT LEE BRIMAGE | : | |
| | : | |
| Appellant | : | No. 1447 WDA 2021 |

Appeal from the Judgment of Sentence Entered November 30, 2021
In the Court of Common Pleas of Allegheny County
Criminal Division at No.:  CP-02-SA-0000429-2021

BEFORE:  STABILE, J., MURRAY, J., and McLAUGHLIN, J.

MEMORANDUM BY STABILE, J.:          **FILED: DECEMBER 14, 2022**

Appellant, Robert Lee Brimage, appeals *pro se* from the judgment of sentence imposed in the Court of Common Pleas of Allegheny on November 30, 2021, following his summary conviction for violating Section 1501(a) of the Vehicle Code ("Code"), 75 Pa.C.S.A. § 1501(a), relating to driving with a suspended license.  Upon review, we affirm.

The facts and procedural history of the instant appeal are not disputed. Briefly, after a magisterial district judge found Appellant guilty of, *inter alia*, violating Section 1501(a), Appellant filed a summary appeal with the trial court.  At the *de novo* hearing held on November 30, 2021, Trooper Codi Walker testified that, on August 31, 2019, she initiated a traffic stop of Appellant, after noticing that the registration of the vehicle driven by Appellant was expired.  Upon interacting with Appellant, the trooper further discovered that Appellant was driving on a suspended driver license.

Appellant took the stand in his own defense. He testified that he was not aware that the registration was expired and that he "told [the trooper that his] license was suspended . . . at the time," N.T., 11/30/21, and that he received it back in January, presumably 2021. *Id.*

At the end of the hearing, the trial court stated that it found Trooper Walker's testimony credible and that there was sufficient evidence to support Appellant's conviction for violating, *inter alia*, Section 1501(a) of the Code. This appeal followed. On December 8, 2021, the trial court directed Appellant to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal within twenty-one days. The trial court cautioned Appellant that failure "to file a Rule 1925 (b) Statement will result in a waiver of all appellate claims." Appellant failed to comply. On January 20, 2022, the trial court issued its Rule 1925(a) opinion, concluding that Appellant's failure to file a Rule 1925(b) statement resulted in waiver of all issues he wished to raise on appeal. We agree.

It is well established that the failure to file a court-ordered Rule 1925(b) statement results in the waiver of all claims on appeal. *See Commonwealth v. Auchmuty*, 799 A.2d 823, 825 (Pa. Super. 2002) (holding that a *pro se* appellant's failure to file a court-ordered Rule 1925(b) statement results in waiver of all issues on appeal); *see also* Pa.R.A.P. 1925(b)(4)(vii) ("[i]ssues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived."). Thus, we decline to entertain the merits of this appeal because Appellant has waived all issues.

Judgment of sentence affirmed.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  12/14/2022